UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN C. CARSON, individual,

       Plaintiff,

v.                    Case No:  2:18-cv-447-FtM-99CM

OCWEN LOAN SERVICING, LLC, a
Delaware limited liability
company and DOES 1 THROUGH
100, INCLUSIVE,

       Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to
Dismiss Complaint With Prejudice (Doc. #11) filed on August 14,
2018.  Plaintiff pro se Kevin C. Carson filed a Response in
Opposition (Doc. 15) on September 4, 2018.  For the reasons set
forth below, the Motion is granted in part with leave to amend.

**I.**

On June 26, 2018, plaintiff filed a five-count Complaint
related to the servicing of his home mortgage, comprised of four
Florida common law claims for fraud, misrepresentation, violation
of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA),
Fla. Stat. § 501.204, and equitable estoppel, as well as one claim
for "violation of FTC Act, 15 U.S.C. § 45(a)" (Count II) (Doc.
#1.)  Plaintiff alleges that following his 2009 Chapter 13
bankruptcy, Ocwen failed to account for monies paid through

bankruptcy disbursements and adjust the balance on his mortgage account.  (Id., ¶¶ 4-9.)

Although plaintiff alleges that the Court has diversity jurisdiction over this matter (id., ¶ 1), he also alleges that plaintiff and defendant Ocwen Loan Servicing, LLC are both Florida citizens (id., ¶¶ 3-4); therefore, this Court's original jurisdiction depends on the viability of the sole federal question raised in Count II.  Ocwen moves to dismiss this claim, arguing that the Federal Trade Commission Act (FTCA) does not create a private right of action.  Plaintiff responds that FDUTPA, Fla. Stat. § 501.201 et seq., is Florida's own consumer protection statute, commonly referred to as a "mini FTC Act."  (Doc. #15, Sec. D.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S. Ct. 1955.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth", Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding pro se, like the Complaint at issue here, is held to a less stringent standard than one drafted by an attorney, and the Court will construe the allegations contained therein liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a pro

se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id. In other words, pro se status will not salvage a complaint devoid of facts supporting the plaintiff's claims.

## III.

### A. FTC Act Claim

The Court agrees that there is no private right of action provided by the FTCA. "There is no private right of action implied under the Federal Trade Commission Act." Lingo v. Albany Dep't of Cmty. & Econ. Dev., 195 F. App'x 891, 894 (11th Cir. 2006) (citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 361 n. 6 (5th Cir. 1977) (noting that "regulation is in the hands of the administrative agency, and not the private citizen")). See also Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1119 (M.D. Fla. 2013). And plaintiff's response that Florida allows for an FTCA-like cause of action through FDUTPA does not compel a different result. Therefore, Count II is dismissed with prejudice.

### B. Remaining Claims

The Court need not address the issues raised in defendant's motion to dismiss as to the remaining counts. The remaining possible claims in the Complaint are all state law claims. Even assuming these are properly pled, pursuant to 28 U.S.C. §

1367(c)(3), the Court would exercise its discretion and decline to exercise supplemental jurisdiction over the state claims.[1]  Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (encouraging district courts to dismiss state claims where all claims which provided original jurisdiction have been dismissed.)[2]

As discussed above, plaintiff must properly invoke the Court's diversity jurisdiction for his state law claims to proceed in this action, but as the Complaint currently alleges, the parties are not diverse.

**IV.**

In his response, plaintiff requests "in the alternative" for leave to amend his Complaint to "address any deficiencies," but does not otherwise set forth the grounds for seeking to amend. (Doc. #15, p. 5.)  "[A] district court must grant a plaintiff at least one opportunity to amend [his] claims before dismissing them if it appears a more carefully drafted complaint might state a

---

[1]  Plaintiff's Complaint does not allege supplemental jurisdiction as a basis for subject matter jurisdiction over his state law claims. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'") (quoting Fed. R. Civ. P. 8(a)).

[2] The state limitations period has been held in abeyance during the pendency of these proceedings. See Artis v. District of Columbia, --- U.S. ----, 138 S. Ct. 594, 598 (2018) (holding that "§ 1367(d)'s instruction to 'toll' a state limitations period means to hold it in abeyance, i.e., to stop the clock").

claim upon which relief can be granted even if the plaintiff never seeks leave to amend." Silva v. Bieluch, 351 F.3d 1045, 1048 (11th Cir. 2003).

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653, with due consideration to the above findings. The Court will not grant leave to file any additional complaints if the new pleading is insufficient.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    Defendant's Motion to Dismiss Complaint With Prejudice (Doc. #11) is **GRANTED in part** to the extent that Count II is dismissed with prejudice for failure to state a claim.

2.    Counts I, III, IV, V are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

3.    Plaintiff may file an Amended Complaint within **FOURTEEN (14) days** of this Opinion and Order. **Failure to file an Amended Complaint will result in the closing of this case without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of September, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record